NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JESUS ABREGO, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ENCON UNITED CO., *Respondent Employer,*

ZURICH AMERICAN INSURANCE CO., *Respondent Carrier.*

No. 1 CA-IC 25-0011

FILED 03-02-2026

Special Action - Industrial Commission
ICA Claim No. 20200970209
Carrier Claim No. 2230445404
The Honorable Robert E. Trop, Administrative Law Judge

**AFFIRMED**

COUNSEL

Jesus Abrego, Phoenix
*Petitioner Employee Pro Se*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ruegsegger Simons & Stern LLC, Phoenix
By Vito Andrea Racanelli
*Counsel for Respondent Employer/Carrier*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1        Jesus Abrego appeals the decision by the Industrial Commission of Arizona ("Commission") affirming the dismissal of his request for a hearing. The Administrative Law Judge ("ALJ") for the Commission dismissed Abrego's request because it was untimely. This Court affirms the ALJ's decision.

## FACTS AND PROCEDURAL HISTORY

¶2        Abrego worked as a laborer for Encon United Company d/b/a T Pac ("Encon"). He sustained an injury in 2020 and began receiving compensation for an unscheduled permanent disability.

¶3        In February 2024, Encon laid Abrego off. Soon after, Abrego's attorney filed a Petition for Rearrangement or Readjustment of Compensation. Upon receiving Abrego's petition, the Commission sent him a "Rearrangement Questionnaire." The Commission requested Abrego complete and submit the questionnaire within 20 days, otherwise the Commission would consider only the information contained in Abrego's file. The Commission did not receive Abrego's response until after the 20-day deadline.

¶4        In March 2024, the Commission issued an award denying Abrego's petition. The award incorrectly stated the carrier filed the petition. The Commission denied the petition because the carrier "failed to sustain their burden of proving any additional earning capacity." After the denial statement, the award advised both parties of the right to request a hearing under A.R.S. §§ 23-941 and -947. The award warned that if a party did not agree with the award and wished for a hearing, the party must file a Request for Hearing within ninety days, or the award would be final.

¶5        Almost a year later, in February 2025, Abrego's counsel filed a notice of withdrawal. Later that same week, Abrego filed a Request for Hearing from the denial of his petition. The ALJ dismissed the Request for Hearing, citing lack of jurisdiction. The ALJ explained it lacked jurisdiction for two reasons. First, the ALJ reiterated the same incorrect claim that the carrier initiated the petition that vested jurisdiction only with the Commission and not the ALJ Hearing division. And second, the ALJ found Abrego's Request for Hearing untimely.

¶6        Abrego timely filed a request for review, which the ALJ granted. Upon review, the ALJ corrected the error and noted that Abrego, not the carrier, filed the petition. The ALJ affirmed the Commission's award because Abrego's requested relief was "untimely by approximately 11 months" and because Abrego "did not identify any 'meritorious reason' to justify waiver of the untimely filing." The ALJ's Decision Upon Review accordingly affirmed the dismissal.

¶7        Abrego then filed this statutory special action. This Court has jurisdiction under A.R.S. §§ 12-120.21(B), 23-951(A).

## DISCUSSION

¶8        As a preliminary matter, Encon argues this Court should dismiss Abrego's special action because his opening brief does not comply with Arizona Rule of Civil Appellate Procedure ("Rule") 4(g) and 14(a). *See* Ariz. R.P. Spec. Act. 10(c) (applying Arizona Rules of Civil Appellate Procedure to special action review of ICA awards). Rule 4(g) requires parties to provide a certificate of service with every document filed with an appellate clerk. Rule 14(a)(5) requires all appellants to submit a certificate of compliance with their opening brief.

¶9        Abrego has failed to comply with Rules 4(g) and 14(a). Despite Abrego's *pro se* status, he is held to the same standards as an attorney. *See Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 287, ¶ 16 (App. 2000). Abrego's lack of compliance with the Rules gives this Court discretion to strike his briefing or dismiss the special action. Ariz. R. Civ. App. P. 25 ("An appellate court [] *may* impose sanctions . . . for a violation of these Rules.") (emphasis added). However, in this Court's discretion, it will address Abrego's petition. *Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973) ("Although we agree with appellee's counsel that appellant's opening brief is grossly deficient, we are loathe to penalize appellant by complete rejection.").

¶10        "In reviewing findings and awards of the ICA, [this Court] defer[s] to the ALJ's factual findings but review[s] questions of law *de novo*." *Avila v. Indus. Comm'n*, 219 Ariz. 56, 57, ¶ 2 (App. 2008). This Court views "the evidence in the light most favorable to upholding" the ALJ's decision. *Id.*

¶11        Abrego states he does not agree with the ALJ's decision but he does not explain why this Court should reverse it. The record supports the ALJ's finding that Abrego filed his Request for Hearing well after the 90-day deadline. Moreover, Abrego's requests for hearing and review do not identify any reasons for the ALJ to justify waiver of the untimely filing. When a person is dissatisfied with an order of the Commission, A.R.S. § 23-947(A) provides jurisdiction to the ALJ Hearing Division to hear the appeal for ninety days. The 90-day protest period for Abrego began on March 19, 2024. Thus, Abrego's challenge to the denial of his petition became jurisdictionally barred 90 days after March 19, 2024. *See* A.R.S. § 23-947(A).

¶12        Abrego offers no basis for this Court to find an exception to his time-barred petition. Section 23-947(B) excuses late filings of a request for hearing for three enumerated reasons. A.R.S. § 23-947(B). Relief under this section is warranted if the person filing the late request exercised "reasonable care and diligence" yet missed the deadline because the person (1) "reli[ed] on a representation by the Commission, employer, or carrier"; (2) suffered from a mental or legal incapacity; or (3) did not receive the notice. A.R.S. § 23-947(B). Abrego has not shown that any of these exceptions apply. Accordingly, substantial evidence supports the ALJ's decision to dismiss Abrego's Request for Hearing.

## CONCLUSION

¶13        This Court affirms the award.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR

4